UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA       )
                               )
      v.                       )    Cr. No. 12-10264-GAO
                               )
4.    DANNY VELOZ,             )
      Defendant                )

## GOVERNMENT'S RESPONSE TO DEFENDANT'S REQUEST FOR ADDITIONAL COMPUTER ACCESS

On July 23, 2012, a sophisticated kidnapping crew kidnapped two men (Victim 1 and Victim 2) at gunpoint from the driveway of a home in Lawrence (the "July 23 Kidnapping"). Agents recovered a GPS device from the undercarriage of Victim 1's car. On July 24, 2012, agents and local law enforcement officers recovered Victim 1 and Victim 2 in Manchester, New Hampshire and arrested three participants in the kidnapping. Thereafter, a cooperating witness (CW-2) identified Danny Veloz as the leader of the crew responsible for the July 23 Kidnapping. On July 25, 2012, agents executed a search warrant at Veloz's residence in Lawrence and seized, among other items, laptop computers. Agents then applied for a second search warrant to conduct a forensic examination of the laptop computers. The examination of the computers produced significant evidence linking Veloz to the July 23 Kidnapping as well as to a broader kidnapping conspiracy.

The government agrees that it is important for the defendant to have access to the significant computer evidence

against him. To that end, the government provided defense counsel with an imaged copy of the defendant's laptop computers. The defendant retained the services of an expert who examined the laptops. Not satisfied, the defendant now insists that he be provided with a laptop computer with memory and software capabilities sufficient for him to view the imaged hard drives himself while detained at the Norfolk County House of Correction (Docket No. 488).

For a variety of reasons, the defendant's proposal is not logistically feasible or reasonable. First, as has become clear during the discovery process in this case, viewing an imaged copy of a computer hard drive requires both forensic software and technical expertise. Defense counsel's own affidavit in support of his motion indicated that when he attempted to view the hard drives, "[t]he files that we were able to open were essentially meaningless code." Defendant's Affidavit, ¶ 3. See also ¶ 9 ("my paralegal and my law partner both tried to access the external hard drive, but were unable to do so"). Defense counsel's proposal essentially suggests that Veloz should be provided with a laptop computer that contains all of the data in a format readily accessible to him, but ignores the practical realities outlined by his own affidavit. Simply providing Veloz with a laptop computer and the imaged hard drives would not provide him with a meaningful opportunity to shape his defense –

as defense counsel explained in his affidavit, an imaged hard drive is not a "plug and play" device.  Rather, a forensic expert (like the one retained by defense counsel) can provide important assistance in interpreting the information.

As acknowledged by defense counsel, his own expert viewed the contents of the imaged copies of the laptop computers. Based on the information provided by counsel, there are a number of reasonable ways in which the defense could have proceeded.  For instance, using the forensic tools available to him, the expert could have exported relevant data to the defendant and counsel (these extractions, which include a fraction of the total amount of data on the imaged hard drive, could be saved to a thumb drive and viewed on the computers already at the Norfolk County House of Correction). Alternatively, if the defense expert was unsure of what data to export, he could have sent the defendant a list of the files on the laptop and asked the defendant to select items to be exported. Finally, defense counsel could have brought the expert (and the expert's computer) to Veloz at Norfolk. And the expert (using his experience and the forensic tools available to him) could have then reviewed the contents of Veloz's laptops with Veloz.

Each of these proposals, and potentially others, are reasonable alternatives to the defense's proposal.  Critically, Veloz himself was the owner and operator of these computers, and

3

is in the best positon to guide his counsel to the most relevant evidence on his own devices. On this record, there is no reason to think that giving Veloz a more powerful computer would enhance Veloz's ability to review the discovery in this case. The defendant's motion should be denied.

                              Respectfully submitted,

                              CARMEN M. ORTIZ
                              United States Attorney

                    By:  /s/ Christopher Pohl
                         Christopher Pohl
                         Peter K. Levitt
                         Assistant U.S. Attorneys

**CERTIFICATE OF SERVICE**

    I, the undersigned, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on April 15, 2016.

                              /s/ Christopher Pohl
                              Christopher Pohl
                              Assistant U.S. Attorney