UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL ACTION NO. 12-10264-RGS

UNITED STATES OF AMERICA

v.

DANNY VELOZ

MEMORANDUM AND ORDER
ON DEFENDANT'S MOTION
TO SUPPRESS BOOKING STATEMENT

October 27, 2016

STEARNS, D.J.

Before the court is defendant Danny Veloz's motion to suppress a statement that he made while being booked after his arrest in Lawrence, Massachusetts on September 28, 2012. Specifically, Veloz seeks to suppress a telephone number that he gave to a Lawrence police officer and an agent of the Drug Enforcement Administration (DEA) during the booking process. Veloz argues that his response to the question asking for his telephone number was not voluntary as he was not apprised of his so-called *Miranda* rights until after the booking was completed.[1]

The very premise of the motion is mistaken. The collection of biographical information as part of the booking process falls within a long-

---

[1] The Lawrence Police booking sheet does not include a space for an arrestee's telephone number, although the DEA Personal History Report Form DEA-202 (which was compiled simultaneously) does.

recognized exception to *Miranda*. *See Pennsylvania v. Muniz,* 496 U.S. 582, 601 (1990) (*plurality opinion*) (specifying name, address, height, weight, eye color, date of birth, and current age). Consequently, no prior administration of *Miranda* warnings is required. *See United States v. Duarte*, 160 F.3d 80, 82 (1st Cir. 1998) (routine standard-form questions about such things as occupation and employment do not require *Miranda* warnings); *see also United States v. Sims*, 719 F.2d 375, 378 (11th Cir. 1983) ("[E]even though that information turns out to be incriminating, . . . we find that a government agent's eliciting biographical information, such as an address and telephone number, for the non-interrogative purpose of identification is not a confession under § 3501(e)."); *United States ex rel. Hines v. LaVallee*, 521 F.2d 1109, 1112-1113 (2d Cir. 1975) (proper to ask identifying information at booking without warnings); *United States v. Prewitt*, 553 F.2d 1082, 1085-1086 (7th Cir. 1977) (same); *Rosa v. McCray*, 396 F.3d 210, 221-222 (2d Cir. 2005) (immaterial that a defendant's answers to booking questions prove incriminating in some respects); *State v. Banks*, 370 S.E.2d 398, 402-403 (N.C. 1988) (immaterial that a defendant's response was later used to prove an element of the crime). *Cf. Commonwealth v. Acosta,* 416 Mass. 279, 284 (1993) (defendant's admission that he lived in the apartment where the drugs

were found was not prejudicial – evidence other than mere presence established possession).[2]

The booking information exception does not extend to incriminating questions that are not normally part of the booking (or bail) process. *Muniz*, 496 U.S. at 598-599 & n.13 (question calculated to test a defendant's sobriety); *United States v. Downing*, 665 F.2d 404, 406-407 (1st Cir. 1981) (police asked suspect for the keys and location of his drug-ferrying airplane). *Cf. United States v. Webb*, 755 F.2d 382, 388-389 (5th Cir. 1985) (jailer's query, "What kind of s____ did you get yourself into?" was not a question normally attendant to custody). In this age of the ubiquitous cellular phone, a person's telephone number is as much a part of his identity as is his name, address, and date of birth. Consequently, I see no reason to treat a request for a telephone number at booking any differently than the elicitation of the routine types of identifying information that courts have long found to lie within the *Muniz* exception to *Miranda*.[3]

---

[2] According to the government, Veloz had volunteered the same telephone number to law enforcement several months before his arrest. *See* Gov't.'s Mem. at 5 n.3.

[3] While Veloz implies that the question about his telephone number was asked with the anticipation that it might prove probative of his involvement in the alleged conspiracy, Def.'s Mem. at 8, the subjective intent of an officer asking *Miranda*-exempt questions central to the booking and pretrial process has no ultimate bearing where there is no direct link between

3

ORDER

For the foregoing reasons, the motion to suppress is <u>DENIED</u>.

SO ORDERED.

/s/ Richard G. Stearns
_____
UNITED STATES DISTRICT JUDGE

---

the question and the suspected offense (as in the case of a home telephone number and a kidnapping conspiracy).  *See United States v. Sanchez*, 817 F.3d 38, 45-46 (1st Cir. 2016).