UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL ACTION NO. 12-10264-RGS

UNITED STATES OF AMERICA

v.

DANNY VELOZ

MEMORANDUM AND ORDER ON THE MOTION OF
THE GOVERNMMENT TO PRECLUDE WITNESSES
BEING OFFERED ON IRRELEVANT AND COLLATERAL MATTERS

July 19, 2017

STEARNS, D.J.

Before the court is the government's motion to strike some 64 witnesses noticed for trial, including a number of federal government witnesses subject to *Touhy* requests. 28 C. F .R. §§ 16.21 – 16.28. While a defendant has a broad Sixth Amendment right to call witnesses at trial as part of his defense, the right is not absolute. The court has a duty to protect the jury from testimony that is irrelevant, cumulative, or confusing, and the modern Federal Rules, particularly Fed. R. Evid. 403, are intended to enable the court in the discharge of that obligation. For present purposes, I will trust that defendant's counsel, who is not inexperienced, will wisely use the twenty hours of trial time the court has allotted him and not waste time on redundant testimony or clutter the record with irrelevancies that are likely to diminish the defense in the eyes of the jury.

A number of the proposed defense witnesses I recognize are unlikely to be called at trial and are listed perhaps out of an overabundance of caution. The court also notes that counsel has made substantial efforts to reduce the number of witnesses in his more recent July 18 filing.[1]  The court will therefore confine itself, with one or two exceptions, to the *Touhy* witnesses identified in the government's motion and rely on defense counsel's assurances that he will make the necessary arrangements to ensure that witnesses (particularly the 20 local police officers listed by defendant, many of whom are not likely to be called) will not be unnecessarily diverted from their day-to-day law enforcement responsibilities.

The court notes that in the revised witness list filed on July 18, 2017, counsel has voluntarily removed two of the FBI agents who are no longer assigned to the Boston FBI office and have been transferred to other jurisdictions.  The court will strike the third of these witnesses identified by the government, FBI agent Jeffrey Rolands, who the government represents has since been transferred to Washington, DC.  The court also will strike FBI agent Ashley Cox, who the government represents played only a chain of custody role, in the expectation that the government will stipulate that she was the FBI agent who took custody of evidence gathered by the Lawrence police.  The court will strike DEA Task Force agent John Maki, as it agrees with the government that his proposed testimony is inadmissible.  The court

---

[1] For that reason as well as at counsel's request, the court has not and will not read any *ex parte* filing offering further justification for the presence at trial of certain designated witnesses.

will also strike Joseph Nicholls as an expert witness on the government's undisputed representation that he has never produced an expert report involving any forensic investigation that he may have undertaken. Finally, the court notes counsel's expressed willingness to accept stipulations in lieu of the testimony of witnesses like John Costa and Jana Cante who appear to have played no role in the case other than that of forensic examiners.

The court adds the following note of concern. At the July 12, 2018 hearing on the government's motion, in response to an inquiry from the court, counsel came perilously close to accusing opposing counsel Assistant U.S. Attorney Peter Leavitt (who was listed on the original witness list) of making a knowing false representation to the court.

> MR. SHEA. I haven't subpoenaed [Mr. Leavitt]. I have listed him as a witness. I have negotiated with the – tried to negotiate with the prosecutor's office, and I do think that when an officer of the court, who's been active in this prosecution, writes that the identification took place in the Manchester Police Department on July 22 . . .
>
> THE COURT: Why would you think that would be admissible in a jury trial?
>
> MR SHEA: No. What I thought was that they should tell me where he got the misinformation because it's a lie. And if John Orlando gave them the lie . . .
>
> THE COURT: Mr. Shea, you've got to be very careful about how you are – when you start making accusations against another lawyer about lying in a statement to the court, you are making a very serious allegation.
>
> MR. SHEA: We know it is. The government doesn't deny it. It's not . . .

3

Had counsel not immediately retracted the brunt of this allegation, the court would have considered it a matter of possible referral to the Board of Bar Overseers. *See State v. Island*, 894 N.W.2d 804 (Neb. 2017). As AUSA Leavitt was not present to defend himself, the court will note that in its professional dealings with Mr. Leavitt, it has never found him to act with anything but unimpugnable integrity and honesty. The court regrets that what would have been unthinkable, at least in criminal litigation a decade ago – the personalization of adversarial disputes between defense attorneys and prosecutors – seems now to occur with disturbing frequency and is a trend that judges need vigilantly deter.

On a remaining trial matter, if there is an entry on the docket suggesting that the court has allotted a more generous amount of time for case presentation to the government than the defense, the entry is mistaken.[2] Each side has been allotted twenty hours with the understanding that the court will be flexible if the exigencies of the case require it. As the government stated at the hearing, it has always known this to be the case.[3]

---

[2] The court also takes exception to counsel's unfounded allegation that the court has discussed the matter *ex parte* with the government. This did not happen, and would not happen now or in the past.

[3] As the court has attempted to reassure counsel, it is aware of his two outstanding motions to dismiss, which will be addressed in due course. The court in dealing with matters relating to the mechanics of the trial is not

4

ORDER

For the foregoing reasons, the government's motion is <u>ALLOWED</u> in part.

SO ORDERED.

/s/ Richard G. Stearns
_____
UNITED STATES DISTRICT JUDGE

---

presupposing their disposition and, of course, understands that should the case be dismissed, the trial goes by the boards.