UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL ACTION NO. 12-cr-10264-RGS

UNITED STATES OF AMERICA

v.

DANNY VELOZ

ORDER ON
PETITIONER'S MOTION TO VACATE,
SET ASIDE, OR CORRECT SENTENCE

April 15, 2022

STEARNS, D.J.

Petitioner Danny Veloz, proceeding *pro se*, seeks to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Veloz was indicted as the mastermind of a kidnapping ring that extorted drugs and ransom money from fellow drug traffickers by torture when necessary or expedient. Veloz was represented at trial and on appeal by attorney Mark Shea, an experienced criminal defense lawyer. Veloz, after an eleven-day trial, was convicted by a jury of conspiracy to commit kidnapping. On November 17, 2017, the court imposed a guidelines sentence of life imprisonment. Veloz's conviction was affirmed by the First Circuit Court of Appeals. *See United States v. Veloz*, 948 F.3d 418 (1st Cir. 2020).

A federal district court has jurisdiction to consider a § 2255 petition brought by an inmate serving a federal sentence on four grounds: "if the petitioner's sentence (1) was imposed in violation of the Constitution, or (2) was imposed by a court that lacked jurisdiction, or (3) exceeded the statutory maximum, or (4) was otherwise subject to direct attack." *David v. United States,* 134 F.3d 470, 474 (1st Cir. 1998). Only the fourth category is potentially in play in Veloz's case.[1]

Two other rules of constraint govern a district court's determination. First, section 2255 is not a substitute for direct appeal: "[I]ssues disposed of in a prior appeal will not be reviewed again by way of a 28 U.S.C. § 2255 motion." *Singleton v. United States*, 26 F.3d 233, 240 (1st Cir. 1994). Second, it falls to a petitioner to demonstrate by a preponderance of the evidence an entitlement to relief (or, if pertinent, an evidentiary hearing). *See Mack v. United States*, 635 F.2d 20, 26-27 (1st Cir. 1980).

As most, if not all, of Veloz's complaints are addressed to alleged trial errors that were resolved favorably to the government on appeal, or concern matters that are unreviewable by way of a section 2255 context, Veloz seeks

---

[1] "[T]he catch-all fourth category includes only assignments of error that reveal fundamental defects which, if uncorrected, will 'result in a complete miscarriage of justice,' or irregularities that are 'inconsistent with the rudimentary demands of fair procedure.'" *Id.*, quoting *Hill v. United States*, 368 U.S. 424, 428 (1962).

to circumvent the relitigation bar by reframing his trial grievances as attorney errors rising to the level of a violation of his Sixth Amendment right to the effective assistance of counsel.[2]

The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right to . . . Assistance of Counsel for his defense." *Strickland v. Washington,* 466 U.S. 668, 686 (1984). The right to counsel includes the right to effective counsel. *See id.* Effective counsel does not, of course, mean lawyerly perfection. The court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* at 689, quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955). The *Strickland* test has two components. "First, a reviewing court must assess the proficiency of counsel's performance under prevailing professional norms . . . . The second line of inquiry . . . entails a

---

[2] For example, consistent with case law interpreting section 2254 state prisoner petitions, the weight of authority holds that habeas relief may not be granted to a federal prisoner on grounds of a Fourth Amendment violation. "Although this issue has not squarely been decided by the Supreme Court or in this circuit, [petitioner] bases his attack here on the Sixth Amendment, and we similarly limit our concern to whether counsel was incompetent in failing to pursue the Fourth Amendment issue." *Arroyo v. United States*, 195 F.3d 54, 55 (1st Cir. 1999).

3

showing of a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Scarpa v. Dubois*, 38 F.3d 1, 8 (1st Cir. 1994) (internal quotation marks omitted) (showing actual prejudice is a necessary element in almost all cases of attorney error).[3]

Veloz's claims of ineffective assistance fail for two reasons: (1) they are unsupported by the record, or (2) they have been previously adversely decided by the First Circuit (or both).

### 1. Claims inadequately supported by the record.

Veloz contends that Shea failed to object to the sentencing enhancements recommended by Probation in the Presentence Report. This is belied by the record. Shea vigorously opposed, albeit unsuccessfully, sentencing enhancements for ransom and victim injury in his sentencing memorandum (Dkt # 1058) and at the sentencing hearing. Hr'g Tr. at 52-54. (Dkt # 1149). Shea, on the other hand, prevailed in his objection to the "serious bodily injury" enhancement recommended by Probation. Hr'g Tr.

---

[3] To satisfy the first prong of the *Strickland* test, a petitioner must prove that his counsel's performance was so inferior as to have been objectively unreasonable. *See United States v. McGill*, 11 F.3d 223, 226 (1st Cir. 1993). Counsel's representation is considered reasonable if it falls "'within the range of competence demanded of attorneys in criminal cases.'" *United States v. Bosch,* 584 F.2d 1113, 1121 (1st Cir. 1978), quoting *McMann v. Richardson*, 397 U.S. 759, 770-771 (1970).

at 64. (Dkt # 1149). There, in other words, was no factual basis for Veloz's alleged *Strickland* shortcoming in Shea's conduct at the sentencing hearing.[4]

Veloz next argues that Shea failed to convey to him any offer of a plea agreement from the government. A failure to communicate to the defendant a plea offer will, as a rule, amount to ineffective assistance of counsel. *Missouri v. Frye*, 566 U.S. 134, 145 (2012). To show prejudice where a plea offer has lapsed or been rejected because of counsel's deficient performance, the defendant must demonstrate a reasonable probability both that he would have accepted the more favorable plea offer had he been afforded effective assistance of counsel and that the plea would have been entered without the prosecution's canceling it or the trial court's refusing to accept it. *Id.* at 143.

On this issue, as the Court made clear in *Frye*, the burden of proof rests with the § 2255 petitioner. An obvious first step in meeting this burden is to require a petitioner to show that a plea offer in fact was made to his counsel. To guard against late-blooming claims, "[t]he prosecution and the trial courts may adopt some measures to help ensure against late, frivolous, or fabricated claims after a later, less advantageous plea offer has been accepted

---

[4] Veloz argues that a facetious statement made by Shea to the court in response to an adverse ruling by the court amounted to a confession that his representation was ineffective. Even were this true, which it clearly is not, the attempt at a joke was not made in the presence of the jurors and could therefore have had no influence on their verdict.

or after a trial leading to conviction with resulting harsh consequences." *Id.* at 146. Among these prophylactic measures, a trial court may go so far as to require written documentary evidence of the negotiations and the parameters of the proposed agreement "again to ensure against later misunderstandings or fabricated charges." *Id.* Without attempting to lay down any hard and fast rule in the matter, it is enough for the court here to note that Veloz offers no evidence from the record or by sworn affidavits from himself, his attorney, or the prosecutor, that a plea deal was sought, offered, or would have been accepted. In the affidavit he does provide, Veloz merely asserts that a plea deal was "never really discussed." Veloz Aff. (Dkt # 1219-1) at 2.

**2. Claims adversely decided on appeal.**

Veloz's remaining claims attempt to relitigate issues previously decided against him on appeal and are thus barred. In summary, these include: (1) an alleged failure of Shea to seek a challenge to the warrant authorizing the search of his Andover Street apartment for lack of probable cause, *see Veloz*, 948 F.3d at 425-427; (2) Shea's alleged failure to seek a *Franks* hearing challenging the veracity of the search warrant affiant Special Agent John Orlando, s*ee Veloz*, 948 F.3d at 427-429; *see also* Dkt # 209 (motion for a *Franks* hearing); (3) Shea's alleged failure to prevail on Veloz's

6

motion for a new trial, *see Veloz*, 948 F.3d at 436-437 (rejecting a Rule 33 sufficiency of the evidence challenge to Veloz's conviction); (4) Shea's failure to challenge with sufficient rigor the testimony of government witnesses William Eichhorn, Jason Sutherland, and Elizabeth Lenehan, *see Veloz*, 948 F.3d at 433-434 (finding each witness's testimony admissible); (5) Shea's failure to ensure Veloz's presence at a voir dire held outside the presence of the jury to determine Eichhorn's qualifications as an expert witness, *see Veloz*, 948 F.3d at 434 (finding that Veloz's presence would have contributed nothing to ensuring "a fair and just proceeding"); and (6) Shea's failure to renew an objection to the court's instruction regarding the admissibility of a transcript of a conversation surreptitiously recorded by an informant-witness with one of Veloz's coconspirators, *see Veloz,* 948 F.3d at 436 (given the absence of any factual dispute as to how the conversation came to be recorded, "we fail to see how the District Court's statement in the instruction was sufficiently prejudicial to constitute reversible error").

ORDER

For the foregoing reasons, Veloz's motion to vacate, set aside, or correct his sentence is <u>DENIED</u>.[5]

---

[5] Veloz's motion for an evidentiary hearing is <u>DENIED</u>. Petitioner is further advised that any request for the issuance of a Certificate of Appealability pursuant to 28 U.S.C. § 2253 of the court's order dismissing his

SO ORDERED.

/s/ Richard G. Stearns
UNITED STATES DISTRICT JUDGE

---

petition is also <u>DENIED</u>, the court seeing no meritorious or substantial basis for an appeal.  The Clerk will enter judgment and close the case.