UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL ACTION NO. 12-10264-RGS

UNITED STATES OF AMERICA

v.

DANNY VELOZ

MEMORANDUM AND ORDER ON
DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE

September 18, 2024

STEARNS, D.J.

The authority of a trial court to reduce the sentence of a committed prisoner, unlike in the case of a pretrial detainee, is tightly circumscribed. A sentence once imposed may not be modified except to the extent permitted by Rule 35 of the Federal Rules of Criminal Procedure. *See* 18 U.S.C. § 3582(c). However, there is an exception enacted by Congress that took effect on December 21, 2018. Under 18 U.S.C. § 3582(c)(1)(A), a district court, on a motion by the Director of the Bureau of Prisons (BOP), or by a defendant who has exhausted his administrative remedies,[1] may order a compassionate

---

[1] The government does not contest Veloz's assertion that he has met the exhaustion requirement of the statute.

release or reduction of his sentence: (1) on a finding of "extraordinary and compelling reasons" warranting such a reduction; or (2) on findings that apply to elderly long-term inmates suffering from terminal or self-debilitating illnesses and who, as a result, are no longer deemed a danger to the safety of any person or the community.[2] Petitioner Danny Veloz, who is not elderly and does not suffer from a terminal or self-debilitating illness, does not fall within the latter category of eligible inmates. To qualify under the first category, Veloz bears the burden of showing not only an extraordinary and compelling reason for a sentence reduction but also that the reduction is consistent with applicable the policy statements issued by the Sentencing Commission.[3] Finally, the court is to weigh whether the sentencing factors set out in 18 U.S.C. § 3553(a) support a reduction of sentence.[4]

---

[2] The court agrees with the government that the bulk of Veloz's petition consists of a recycling of the arguments made in his § 2255 petition for habeas release, specifically his claims of ineffective assistance on the part of his trial and appellate counsel. As these are issues inappropriately raised in a motion for compassionate release, the court declines to address them.

[3] The First Circuit interprets this stricture (as have other Circuits) to provide direction to district courts but not to constrain their exercise of discretion in adjudicating prisoner-initiated motions. *See United States v. Ruvalcaba*, 26 F.4th 14, 16, 22-23 (1st Cir. 2022).

[4] The court is separately directed to make the additional determination that the defendant's relief will not pose a danger to community safety. 18 U.S.C. § 3582(c)(1)(A)(ii).

After a jury convicted Veloz of crimes related to his leadership of a violent gang that specialized in the kidnapping, torture, and extortion of major drug dealers, robbing them and their families of money and drugs, the court sentenced Veloz (who was determined to have a Total Offense Level of 47 and a Criminal History Category of IV), to life in prison. The "exceptional circumstance" invoked by Veloz in his petition is the provision in U.S.S.G. § 1B1.13(b)(6), (c) (as adopted effective November 1, 2013, by Commission Amendment 814), which permits the court, subject to certain limitations, to consider whether the sentence imposed on a defendant was "unusually long." By its terms, the provision applies only to inmates who have served a minimum of ten years of their original sentence and for whom service of the balance of the sentence would, in light of subsequent changes in the law, result in "a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed."

The provision on its face does not apply to Veloz. Given the nature and viciousness of the crimes for which he was convicted, there is no likelihood that a sentence imposed today would not be the same (or very near to it) as the one imposed by the court on November 17, 2017.[5]

---

[5] The additional ground raised by Veloz in support of his petition, that that his absence creates an "undue family hardship" for his doting family members (as supported by the exhibits attached to his petition), and his

3

Finally, I agree with the government that Veloz – based on his crimes of conviction, and his lengthy record of repeated crimes of violence – would represent a real danger to the safety of the community if he is released now or at any time in the foreseeable future.

ORDER

For the foregoing reasons, the petition of compassionate release is <u>DENIED</u>.

SO ORDERED.

<u>/s/ Richard G Stearns</u>
UNITED STATES DISTRICT JUDGE

---

ailing father, does not constitute an "extraordinary and compelling" circumstance supporting compassionate release. Veloz also argues that the court should give weight to the fact that he has compiled a discipline-free record as an inmate. While any commitment by a prisoner to rehabilitate himself is to be commended, Congress has specifically directed the Sentencing Commission in promulgating policy statements under section 3582(c)(1)(A) that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason" for a sentence reduction. 28 U.S.C. § 994(t).