UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL ACTION NO. 12-10264-RGS

UNITED STATES OF AMERICA

v.

DANNY VELOZ

MEMORANDUM AND ORDER ON
DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE

June 26, 2025

STEARNS, D.J.

The authority of a trial court to reduce the sentence of a committed prisoner, unlike in the case of a pretrial detainee, is tightly circumscribed. A sentence once imposed may not be modified except to the extent permitted by Rule 35 of the Federal Rules of Criminal Procedure. *See* 18 U.S.C. § 3582(c). However, there is an exception enacted by Congress that took effect on December 21, 2018. Under 18 U.S.C. § 3582(c)(1)(A), a district court, on a motion by the Director of the Bureau of Prisons (BOP), or by a defendant who has exhausted his administrative remedies,[1] may order a compassionate

---

[1] Veloz has met the exhaustion requirement as evidenced by the attachment to his motion of the Warden's denial of his request for a recommendation to the court for a reduction in sentence.

release or reduction of his sentence: (1) on a finding of "extraordinary and compelling reasons" warranting such a reduction; or (2) on findings that apply to elderly long-term inmates suffering from terminal or self-debilitating illnesses and who, as a result, are no longer deemed a danger to the safety of any person or the community. Petitioner Danny Veloz, who is relatively young and does not suffer from a terminal or self-debilitating illness, does not fall within the latter category of eligible inmates. To qualify under the first category, Veloz bears the burden of showing not only an extraordinary and compelling reason for a sentence reduction but also that the reduction is consistent with the applicable policy statements issued by the Sentencing Commission.[2] Finally, the court is to weigh whether the sentencing factors set out in 18 U.S.C. § 3553(a) support a reduction of sentence.[3]

After a jury convicted Veloz of conspiracy to commit kidnapping in violation of 18 U.S.C. § 1201(c), the court on November 17, 2017, sentenced

---

[2] The First Circuit interprets this stricture (as have other Circuits) to provide direction to district courts but not to constrain their exercise of discretion in adjudicating prisoner-initiated motions. *United States v. Ruvalcaba*, 26 F.4th 14, 16, 21 (1st Cir. 2022).

[3] The court is separately directed to make the additional determination that the defendant's relief will not pose a danger to community safety. 18 U.S.C. § 3582(c)(1)(A)(ii).

Veloz under the sentencing guidelines to a term of life in prison. Veloz is currently confined at FCC Victorville, California.

In his motion, Veloz objects to the length of his sentence which he asserts was miscalculated under the sentencing guidelines in light of the Supreme Court's decision in *Johnson v. United States*, 576 U.S. 591 (2015) (decided two years prior to his sentencing). Veloz also argues that the court should give weight to the fact that he has come to recognize that his days of living a life of crime are over, that he has diligently pursued rehabilitative programs offered by the Bureau of Prisons, and that he has received relatively few disciplinary reports. Def.'s Mem. (Dkt. # 1255) at 11. While any commitment by a prisoner to rehabilitate himself is to be commended, Congress has specifically directed the Sentencing Commission in promulgating policy statements under § 3582(c)(1)(A) that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason" for a sentence reduction. 28 U.S.C. § 994(t). *See also Ruvalcaba*, 26 F.4th at 25.[4] Finally, a suggestion of error in calculating the correct length of a sentence does not qualify as an extraordinary or

---

[4] Congress, in addition to the quantitative criteria set out in § 3582(c)(1)(A)(ii), directs courts to consider those set out in the Bail Reform Act and the policy statements of the United States Sentencing Commission. *See* 18 U.S.C. § 3582(c)(2).

3

compelling reason justifying compassionate release, nor do disparities between a defendant's sentence and the sentences received by codefendants qualify.

Finally, I believe that Veloz – based on the cold-blooded and avaricious crimes that led to his conviction – represents a real danger to the safety of the community if he is released now or in the immediate future. Because Veloz does not meet any of the mandated eligibility criteria, he is not a candidate for compassionate release.

ORDER

For the foregoing reasons, Veloz's Motion for Compassionate Release is <u>DENIED</u>.[5]

SO ORDERED.

/s/ Richard G Stearns
UNITED STATES DISTRICT JUDGE

---

[5] Petitioner is advised that any request for the issuance of a Certificate of Appealability pursuant to 28 U.S.C. § 2253 of the court's Order denying his instant motion for Compassionate Release is also <u>DENIED</u>, the court discerning no meritorious or substantial basis that would support an appeal.